[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14561
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00037-LGW-JEG-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR CUMMINGS, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 22, 2012)

Before CARNES, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Oscar Cummings appeals his sixty-month sentence for one count of

distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). After careful review,

we affirm.

I.

Cummings first argues that his sentence is procedurally unreasonable because the district court did not expressly acknowledge that it could grant his request for a downward variance based on his willingness to provide substantial assistance to the government. Cummings also asserts that the district court failed to explain its decision not to vary downward. Neither suggestion is persuasive. First, the district court expressly stated that the sentencing guidelines are advisory. Thus, it understood that it had the authority to grant Cummings's request for a downward variance. Nothing in the record suggests anything to the contrary. Cf. United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006) (holding that a sentencing court is presumed to understand that it has the authority to depart downward "when nothing in the record indicates otherwise" (quotation marks omitted)).

Second, the record persuades us that the district court "considered the parties' argument and ha[d] a reasoned basis" for denying Cummings's request for a downward variance. Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). The Supreme Court has indicated that a district court need not provide "a full opinion" to explain its sentencing decision. Id. Sometimes,

2

"context and the parties' prior arguments . . . make the reasons clear." Id. Thus, "a brief explanation" may be all that is needed. Id. at 357, 127 S. Ct. at 2468. We have similarly held that a district court's clear acknowledgment that it has considered the parties' arguments, as well as the relevant factors under 18 U.S.C. § 3553(a), is all that is required. United States v. Scott, 426 F.3d 1324, 1329–30 (11th Cir. 2005).

Here, the subject of Cummings's willingness to provide assistance to the government was discussed by both Cummings and the government at sentencing. Indeed, prior to sentencing, the district court was presented with a sentencing memorandum from the government, which sought an upward variance, and one from Cummings, who asked for a downward variance. At sentencing, the district court heard argument from counsel on both requests. And upon imposing sentence, the district court explained why it had decided to grant in part the government's request. Although the district court did not, over the course of that discussion, explicitly address Cummings's willingness to provide assistance to the government, we are satisfied that the "parties' prior arguments," along with the district court's "brief explanation" of its decision, enable us to exercise meaningful appellate review. Rita, 551 U.S. at 356, 357, 127 S. Ct. at 2468.

II.

Cummings also argues that his sentence is substantively unreasonable. We examine the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). This "involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). "We may not—it bears repeating—set aside a sentence merely because we would have decided that another one is more appropriate." Id. at 1191.

Cummings's advisory guidelines range was thirty-three to forty-one months imprisonment. The district court granted in part the government's motion for an upward variance, imposing a sentence of sixty months imprisonment.[1] The district court stated that the variance was warranted because of the defendant's criminal history and the need to deter criminal conduct. The district court specifically

---

[1] The government asked the district court to impose a sentence of 180 months imprisonment.

emphasized that Cummings had come very close to being considered a career offender, which would have led to an advisory guidelines range of 188 to 235 months. On appeal, Cummings argues that the district court abused its discretion because his criminal history score does not under-represent the seriousness of his criminal history. We reject this argument as well.

The pre-sentencing report reveals that Cummings had accumulated thirteen prior convictions over the span of nearly fifteen years. Six of Cummings's convictions, however, did not yield any points in the calculation of his criminal history score. Beyond this, it was while he was on probation for one of his prior convictions that he committed the offense that gave rise to this case. Finally, having already committed one violent felony, Cummings came very close to being considered a career offender. In view of all of this, we cannot say that we are "left with the definite and firm conviction that the district court committed a clear error of judgment" in concluding that a longer sentence was needed to reflect Cummings's criminal history and to deter criminal conduct. Id. at 1190.

**AFFIRMED.**